UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY LONG, | ) |
| Plaintiff, | ) |
| vs. | ) CV 95-S-2808-NE |
| RTM ALABAMA, INC.; and TRACEY BUTLER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action is before the court on the motion for sanctions and other relief filed by the plaintiff in CV-95-S-2808-NE, Anthony Long.

Mr. Long filed his action on November 2, 1995, against his employer, RTM Alabama, Inc., "doing business in Alabama as Arby's,"[1] and, Tracey Butler — who Long claims was "one of ... [his] supervisors ... while ... employed by Arby's in Huntsville, Alabama. In that capacity, ... Butler [allegedly] made employment decisions regarding the Plaintiff and his employment, including the salary paid to Plaintiff."[2]

---

[1] Plaintiff's Complaint, ¶ 7.

[2] *Id.*, ¶ 8.

Long claims that both defendants "discriminated on the basis of race, equal pay, and attempted retaliation against the Plaintiff with respect to job assignments, promotional opportunities, advancements, benefits, pay[,] and other terms and conditions of employment,"[3] and, that he was subjected to "a racially hostile work environment"[4] — all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (42 U.S.C. §§ 2000e *et seq.*),[5] 42 U.S.C. § 1981,[6] and, the Equal Pay Act (29 U.S.C §§ 201 *et seq.*).

Additionally, Long alleged a pendent state law claim of assault against Tracey Butler. Long asserts that, "[o]n or about the 7th day of July 1995, Defendant Tracey Butler willfully, wantonly, maliciously, and without probable cause therefor,

---

[3] *Id.*, ¶ 10.

[4] "Defendant Butler has exhibited a pattern of racial discrimination creating a racially hostile work environment from which Plaintiff suffered." *Id.*, ¶ 11.

[5] *Nota Bene*: By order entered May 30, 1996, this court dismissed plaintiff's Title VII claims against Tracey Butler individually, on the authority of Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991), but retained pendent jurisdiction over the state law claim discussed hereinafter "because claims remain against Butler under 29 U.S.C. § 206(d) and 42 U.S.C. § 1981, over which this court maintains original jurisdiction." May 30, 1996 order, at 3.

[6] Long alleged that "[j]urisdiction is also invoked under 42 U.S.C. § 1981 in that all Defendant Butler's discriminatory actions were motivated by race, and all Butler's racial discriminatory [sic] actions were ratified and condoned by defendant RTM Alabama, Inc." Plaintiff's Complaint, ¶ 2.

2

committed an assault and battery on the Plaintiff."[7]

The assault claim has frustrated expeditious disposition of Long's civil rights action.

**A.   Butler's Fifth Amendment Privilege**

   **(1)   Background facts**

Butler was prosecuted in Huntsville municipal court on the misdemeanor charge of <u>harassment</u>: an accusation based upon the same event giving rise to the civil <u>assault</u> claim herein.[8]  Butler was convicted, fined $25, and ordered to pay $60 in court costs. Butler appealed to the Circuit Court for Madison County, for trial *de novo* by a jury.  (Alabama Code § 12-14-70 (1975); Rule 30.1(a), Ala. R. Crim. P.)

   **(2)   Invocation of Fifth Amendment privilege**

During a deposition attempted on May 10, 1996, Butler — on direction of counsel — invoked his Fifth Amendment privilege

---

[7] *Id.*, ¶ 14.

[8] See statement of counsel for defendant Butler during May 10, 1996 deposition, at 4:

> MR. DEREK SIMPSON: Before we go any further, I'd like to make a statement on the record.  On July 16th, 1995, the Plaintiff, Anthony Long, filed a formal complaint against the Defendant for harassment in the Municipal Court of the City of Huntsville.  The complaint alleged that on or about July 7th, the Defendant, Tracey Butler, with intent to harass, annoy or alarm another person struck, shoved, kicked or otherwise touch[ed] the person [of Anthony Long] or subjected him to physical contact, to wit, while at the victim's place of employment slapped the victim on the back of the neck with his hand.

3

against self-incrimination in response to all questions by Long's counsel.[9]

The aborted deposition had been noticed by Long's counsel pursuant to order of this court, granting plaintiff's motion to compel Butler's deposition prior to discovery cut-off, and directing Butler to " submit to deposition by plaintiff's counsel ..., and answer all questions to which he has no constitutional right against self-incrimination (i.e., the facts pertaining to pending state court criminal charges)."[10]  As noted, Butler nevertheless refused, on direction of his counsel, to answer any questions.

The issue of Butler's invocation of his Fifth Amendment privilige was first raised by Long's motion for relief filed May 16, 1996.  During oral arguments, Butler's attorneys argued this

---

[9] See the statement of counsel during Butler's May 10, 1996 deposition, at 5-6:
> MR. DEREK SIMPSON: ... Until Tracey Butler's trial is over or until the criminal charges have been dropped, Tracey Butler will refuse to answer any questions that could or might incriminate him.
> If a witness fails to claim a Fifth Amendment privilege, it will be deemed to be waived as to all questions on the same subject matter; and that is a case that I'd like cited as Boham versus Bohman, and the cite is 489 S[o]. 2d 578.  If the witness answers such questions during depositions, then he will be precluded from taking the Fifth Amendment at trial; and that's the same case.  If he answers even one question on the subject matter, then he cannot invoke the Fifth on any other questions based on the same subject matter.  That's a case of Weatherly versus Weatherly, 469 S[o]. 2d 463.

[10] Order entered April 29, 1996.

4

court's order placed Butler in an untenable position, in view of Alabama authorities suggesting that, if Butler answered any questions bearing on the employment relationship between himself and Anthony Long without invoking his Fifth Amendment privilege, then Butler neither could invoke the privilege on any other question based on the same subject matter, nor could he interpose the privilege at trial of the state case.

> The privilege against self-incrimination is deemed waived unless it is invoked. ... A witness who fails to invoke the fifth amendment against questions as to which he could have claimed it is deemed to have waived his privilege respecting all questions on the same subject matter. ... In civil cases, a witness who discloses a fact or transaction, without invoking his privilege against self-incrimination, is deemed to have waived that privilege with respect to the particulars of such fact or transaction. ... The right to invoke the privilege against self-incrimination has been extended to civil depositions. ...

Bonham v. Bonham, 489 So. 2d 578, 580-81 (Ala.Civ.App. 1985)(citations omitted); see also, e.g., International Brotherhood of Teamsters v. Hatas, 252 So. 2d 7 (Ala. 1971); Weatherly v. Weatherly, 469 So. 2d 653 (Ala.Civ.App. 1985). At that time, this court exercised discretion by ordering that:

> ... all discovery relating to defendant Tracey Butler is stayed until disposition by plea, verdict, or motion of the pending criminal charge against Butler in the Circuit Court for the 23rd Judicial Circuit of the State of Alabama. All other discovery shall proceed in accordance with the scheduling order. The parties are

5

>      DIRECTED to notify the court immediately upon disposition
> of the state court proceeding, and a supplemental
> schedling order relating to defendant Butler will be
> entered.[11]

The fundamental premise for that order was a belief the misdemeanor charge would soon be disposed of. That faith proved fanciful. The criminal case still is pending in state court, and shows no promise of being disposed of in the forseeable future.

Nevertheless, Butler's subsequent acts have abrogated his right to a blanket claim of privilege.

### (3)  Butler's testimony in support of pending motions

On September 16, 1996, Butler filed a motion for summary judgment on plaintiff's Equal Pay Act and § 1981 claims. On December 2, 1996, he filed a supplemental motion for summary judgment. Significantly, Butler submitted his own testimony, in the form of affidavits, in support of each motion. Thus, plaintiff's counsel asserts:

>      Defendant Butler should not be allowed to
> selectively choose when he desires to invoke his Fifth
> Amendment privileges, nor should his Motion for Summary
> Judgment be considered ... until after Defendant Butler
> has submitted to the deposition previously ordered by
> this Court.[12]

This court agrees. In the words of the United States

---

[11] Order entered May 30, 1996, at 3.

[12] Plaintiff's motion for sanctions and other relief, ¶ 4.

6

Bankruptcy Court for the Northern District of Texas:

> To allow [a party] to plead a blanket Fifth Amendment privilege ... [after volunteering information] and refuse to answer any further questions <u>on the subjects covered in his earlier testimony</u> would allow [that party] to prematurely close the door which he freely opened. The law, however, does not permit a witness to open the door just wide enough to offer the Court an impaired view of the facts. Once the witness voluntarily opens the door, the court may open it completely, and scrutinize <u>every exposed matter</u>.

*In re Mudd*, 95 B.R. 426, 430 (Bankr. N.D.Tex. 1989)(emphasis supplied).

In other words, by voluntarily submitting affidavit testimony in support of his motion for summary judgment, Butler waived the right to invoke his Fifth Amendement privilege <u>as to any factual issue raised in his affidavits</u>.

> By selectively asserting his Fifth Amendment privlege, [defendant] attempted to insure that his unquestioned, unverified affidavit would be the only version. <u>But the Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion</u>.

*Edmond v. Consumer Protection* Division, 934 F.2d 1304, 1308 (4th Cir. 1991)(emphasis supplied); *see also In re Shamsiev*, 172 B.R. 144, 145 (Bankr. N.D.Ga. 1994)(defendant voluntarily submitting affidavit in support of summary judgment motion not entitled to invoke Fifth Amendment privilege "as to any factual issue raised in

7

that affidavit").

## B. RTM's Failure to Produce Personnel Records

The second aspect of plaintiff's present motion, directed against defendant RTM Alabama, Inc., was resolved by agreement of the parties: see the stipulation filed January 3, 1997.

## CONCLUSION

The stay imposed on discovery by prior orders shall be lifted just enough to address the matters discussed in this memorandum. Butler must submit to deposition by plaintiff's counsel on all factual matters raised in the affidavits he voluntarily submitted in support of his motion for summary judgment, or suffer sanctions for his failure to do so. An order consistent with this memorandum shall be entered contemporaneoulsy herewith.

**DONE** this 9th day of January, 1997.

United States District Judge

8