UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ANTHONY LONG,                )
                             )
        Plaintiff,           )
                             )
vs.                          )    CIVIL ACTION No. CV-95-S-2808-NE
                             )
RTM ALABAMA, INC., and       )
TRACEY BUTLER,               )
                             )
        Defendants.          )

**ENTERED**

**JUN 17 1997**

## MEMORANDUM OPINION

Plaintiff's complaint alleged claims against Tracey Butler for discrimination on the basis of race in violation of: (1) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq.; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1983; and (4) the Equal Pay Act of 1963, 29 U.S.C. § 206. Plaintiff also pled a pendant state law claim for assault and battery.[1] By order entered May 30, 1996, this court dismissed plaintiff's Title VII claim against Tracey Butler, individually. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)("Individual capacity suits under Title VII are ... inappropriate. ... [T]he proper method for plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly," but not both).

The action presently is before the court on defendant Butler's motion for summary judgment on all remaining claims. Upon consideration of the motions, pleadings, briefs, and evidentiary

---

[1] Complaint filed November 2, 1995, ¶¶ IV. 14, 15.

78

submissions, this court is of the opinion the motion is due to be granted.

### I. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment not only is proper, but "<u>shall be rendered forthwith if</u> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ..." (Emphasis supplied.) The movant bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The moving party discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995)(per curiam). Rule 56 permits the movant to discharge this burden <u>with</u> or <u>without</u> supporting affidavits. *Celotex*, 477 U.S. at 325. When the moving party has discharged its burden, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Jeffery*, 64 F.3d at 593.

In deciding whether the moving party has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-movant and, also,

to resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor of the non-movant are not unqualified, however. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995) (citation omitted). Moreover, evidence that is merely colorable, see *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory, see *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989), or conjectural, does not create a genuine issue of material fact.

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *Augusta Iron & Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## II. 42 U.S.C. § 1981 LIABILITY

### A. Individual Capacity Liability Under § 1981.

Tracey Butler claims he cannot be held individually liable under 42 U.S.C. § 1981. Unlike Title VII, however, individual employees can be held liable for discrimination under § 1981. *See Al-Khazraji v. Saint Francis College*, 784 F.2d 505 (3d Cir. 1986); *Tillman v. Wheaton-Haven Recreation Assoc., Inc.*, 517 F.2d 1141, 1146 (4th Cir. 1975); *Faraca v. Clements,* 506 F.2d 956, 959 (5th Cir.), *cert. denied*, 422 U.S. 1006, 95 S.Ct. 2627, 45 L.Ed.2d 669 (1975); *Grimes v. Superior Home Health Care of Middle Tennessee, Inc.*, 929 F. Supp. 1088, 1095 (M.D. Tenn. 1996); *Gladden v. Berry*, 558 F. Supp. 676, 678 (D.D.C. 1983).

Even so, Butler claims "individuals are liable under Section 1981 **only** if they are supervisors with the capacity to hire, fire, or recommend such decisions." (Defendant's Brief, at 3-4). In support of that contention, he relies upon *Leige v. Capitol Chevrolet, Inc.*, 895 F. Supp. 289, 293 (M.D. Ala. 1995), where the court wrote: "[s]upervisors with the capacity to hire and fire or those who can recommend such decisions are subject to liability under § 1981." In an affidavit submitted to this court, Butler denied such supervisory powers.

> I was an area supervisor of RTM Alabama, Inc., in Huntsville, Madison County, Alabama, from November 1989 until August 17, 1995. As an area supervisor, I implemented the execution of programs from corporate headquarters and oversaw the maintenance of nine Arby's restaurants.
>
> ....

4

> As an area supervisor, I never had the capacity or authority to hire, fire, promote, set salaries, terminate employees nor could I recommend such decisions. These decisions were made by Adam George, the Vice-President of operations over all of the Arby's located in Alabama, and owned by RTM Alabama, Inc.
>
> ....
>
> I never had the authority or capacity to set or increase the plaintiff's salary. All salary increases for assistant managers and managerial employees would have to be approved by Sharon Barton, senior vice president of RTM Alabama, Inc., only after an increase was recommended by the director of operations or the vice president of

(Butler Affidavit, at ¶¶ 3, 5, 7.)

In response, plaintiff claims the existence of genuine issues of material fact regarding the true extent of Butler's role in employment decisions as an area supervisor for RTM, Inc. Plaintiff notes that, during Butler's deposition, defendant testified as follows:

> Q. Now, when you became area supervisor ... did you perform evaluations on certain classes of employees?
>
> A. When I became a supervisor?
>
> Q. As an area supervisor.
>
> A. As an area supervisor, yes.
>
> Q. Which class of employees did you perform evaluations on?
>
> A. As a rule, assistant managers and managers; from time to time, team leaders.

(Butler Deposition, at 32-33.) Further, Butler admitted that he had recommended the employment of some applicants:

> Q. How about on hiring, did you ever recommend hiring any particular employees for assistant manager or manager?

5

> A. Through the applications that were sent to Adam George, yes. I mean, there was a number of applicants that came through that I recommended to him, recommended him to hire, yes.

(Butler Deposition, at 59-60.)  Plaintiff also submitted the affidavit of Ezell Williams, who testified as to Butler's involvement in offering him a position with RTM Alabama, Inc., and negotiating his salary.

> Mr. Butler offered to place me in the 'fast track' managerial program, and I accepted the offer to become an assistant manager. Mr. Butler offered me an annual salary of $25,000.00. I explained that I would be giving up some benefits with the job I had already accepted to join RTM. I specifically mentioned that my wife was pregnant at that time and explained the 'COBRA' insurance program to him. Mr. Butler then agreed that I would be reimbursed half the cost of the insurance premiums as a 'sign-on' bonus. Mr. Butler did not confer with Mr. George at the time he made this offer to me.

(Williams Affidavit, at 1.)

While Butler may not have possessed final authority to hire and fire, the foregoing demonstrates a significant involvement in employee evaluations and recommendations which ultimately impact those decisions. The evidence also shows Butler's involvement in salary negotiations. Accordingly, plaintiff has demonstrated a genuine issue of material fact regarding the extent of Butler's supervisory authority, and summary judgment is inappropriate on that basis.

### B. Burden Shifting Analysis and Plaintiff's Prima Facie Case

Plaintiff bears the burden of proving by a preponderance of the evidence that Tracey Butler intentionally discriminated against him. That can be done either by direct or circumstantial evidence.

When plaintiff's evidence is circumstantial in nature, however, the Supreme Court has developed a three stage framework for focusing the inquiry. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093-94, 67 L.Ed.2d 207 (1981); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).[2] First, plaintiff must establish a *prima facie* case. If plaintiff establishes a *prima facie* case, then at the second stage of analysis the burden of production shifts to defendant to rebut the presumption of intentional discrimination by articulating legitimate, nondiscriminatory reasons for the contested employment action. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. If defendant does so, then in the final step of the inquiry plaintiff must have an opportunity to show by a preponderance of the evidence that defendant's stated reasons merely are pretexts for unlawful, discriminatory motives. *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's*, 509 U.S. at 507, 113 S.Ct. at 2747 (citing *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093).

42 U.S.C. § 1981(a) provides:

---

[2]It is widely agreed that the burden-shifting analysis expressed in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and applied in Title VII cases is similarly followed in deciding cases brought under § 1981. *See* Whiting v. Jackson State University, 616 F.2d 116, 121 (5th Cir. 1980).

7

> All persons within the jurisdiction of the United States
> shall have the same right ... to make and enforce
> contracts, to sue, be parties, give evidence, and to the
> full and equal benefit of all laws and proceedings for
> the security of persons and property as is enjoyed by
> white citizens, and shall be subject to like punishments,
> pains, penalties, taxes, licenses, and exactions of every
> kind, and to no other.

To establish a *prima facie* case of discrimination under that statute, a plaintiff must prove the following elements: (1) he is a member of a racial minority; (2) defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*e.g.*, make and enforce contracts). *See Sampson v. Norwest Financial, Inc.*, 94 F.3d 656 (10th Cir. 1996); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994); *Mian v. Donaldson, Lufkin & Jenrette Securities Corp*, 7 F.3d 1085, 1087 (2nd Cir. 1993), *cert. denied*, 116 S.Ct. 88, 133 L.Ed.2d 45 (1995); *Thomas v. St. Luke's Health Systems, Inc.*, 869 F. Supp. 1413 (N.D. Iowa 1994), *aff'd*, 61 F.3d 908 (8th Cir. 1995); *Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1481 (S.D. Fla. 1987), *affirmed*, 865 F.2d 1272 (11th Cir. 1988), *cert. denied*, 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989); *see also* C. R. Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts* §§ 4:15-4:17 (2d ed. 1995).

8

Although it can be inferred from the pleadings that plaintiff is an African-American[3] and, therefore, that he has established the first element of a *prima facie* case, he nevertheless has failed to submit facts supporting the remaining elements. Rule 56 "requires the non-moving party to go beyond the pleadings and by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, <u>designate 'specific facts showing that there is a genuine issue for trial</u>." *Celotex,* 477 U.S. at 324 (emphasis added); *see also Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593-94 (11th Cir. 1995). Plaintiff proffered no facts demonstrating direct or circumstantial evidence of race discrimination. Thus, plaintiff has failed to "go beyond the pleadings" and "designate 'specific facts' showing" the gravamen of a § 1981 claim: intentional discrimination. Accordingly, summary judgment is due to be granted on that claim.

### III. EQUAL PAY ACT

To avoid summary judgment on his Equal Pay Act ("EPA") claim, plaintiff bears the initial burden of establishing a *prima facie* case showing that: (1) the defendant employer; (2) pays or paid different wages; (3) to employees of the opposite sex; (4) in an establishment; (5) when they are doing equal work on jobs; (6) the performance of which requires equal skill, effort, and responsibility; (7) under similar working conditions. *See* C.R.

---

[3] Plaintiff does not affirmatively assert in either his complaint or in brief that he is of African-American heritage. That fact merely is inferred from such statements as the following prayer for relief: "Grant the Plaintiff <u>and similarly situated black employees</u> a permanent injunction enjoining the Defendants...." Complaint, ¶ V.4 (emphasis supplied).

9

Richey, *Manuel on Employment Discrimination Law*, at § 2:21; see also *Corning Glass Works v. Brennen*, 417 U.S. 188, 196-97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792, 801 (11th Cir. 1992).

Defendant Butler claims plaintiff cannot establish the first element of his *prima facie* case: that Butler was plaintiff's "employer." The EPA defines an "employer," however, as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). For the reasons discussed *supra*, Butler's role in employee evaluations, recommendations, and salary negotiations creates a genuine issue of material fact as to his supervisory powers and capacity for defendant RTM Alabama, Inc.

Even so, the court concludes plaintiff's EPA claim is due to be dismissed. Plaintiff's allegations are premised solely upon discrimination <u>on the basis of race</u>, not gender. In his complaint, plaintiff alleges "all Defendant Butler's discriminatory actions were motivated by race...." (Complaint, at ¶ 2.) The EPA protects employees from discrimination <u>on the basis of sex</u>. See *Marshall v. Western Grain Company, Inc.*, 838 F.2d 1165, 1172 (11th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988)(plaintiff's EPA allegations insufficient as "complaint makes no reference to gender whatsoever"); *Hetzler v. Gianunzio*, 1997 WL 33805 (N.D. Cal. 1997)("EPA only provides a remedy for discrimination on the basis of sex"); *Williams v. Wal-Mart Stores, Inc.*, 882 F. Supp. 612, 616-617 (S.D. Tex. 1995)(dismissing with

10

prejudice plaintiff's EPA claims of race discrimination as "absurd on their face"). Plaintiff has failed to allege a single fact indicating he suffered discrimination on the basis of his sex. Accordingly, summary judgment is due to be granted on the EPA claim.

## IV. 42 U.S.C. § 1983

Plaintiff's complaint includes a general allegation of discrimination in violation of 42 U.S.C. § 1983.[4]

> [Under § 1983] the party charged with deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 927, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982). Neither the complaint nor any evidentiary submissions in support thereof assert that Butler was acting in collusion with any state official when allegedly discriminating against plaintiff. In addition, plaintiff does not assert Butler acted pursuant to, or under the color of, state law.

---

[4]*See* Complaint ¶¶ I.2, V. 3, 4. Even though those references may simply be an incorrect citation of the statutory basis for plaintiff's Title VII claims, for the purposes of this discussion the court will construe the references as a clumsy attempt to allege a claim premised upon 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

11

In short, the complaint makes no reference to state action whatsoever. Accordingly, plaintiff's allegation of discrimination in violation of 42 U.S.C. § 1983 is due to be dismissed. *See Blue Cross and Blue Shield of Alabama v. Peacock's Apothecary, Inc.*, 567 F. Supp. 1258, 1270 (N.D. Ala. 1983)("Because plaintiff has failed to show any state action, the complaint as against [defendant] fails to state a claim under 42 U.S.C. § 1983.")

### V. STATE LAW CLAIMS

Finally, plaintiff alleges a state law claim of assault and battery. Federal jurisdiction over pendent state law claims is governed by 28 U.S.C. § 1367(a), which provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

Even so, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." 28 U.S.C. § 1367(c)(3). This court exercises such discretion and declines.

### VI. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is due to be granted. An order consistent with this memorandum opinion shall issue contemporaneously herewith.

DONE this 17th day of June, 1997.

_____
United States District Judge

12