UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 MAR 20 AM 7:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ANTHONY LONG,<br><br>    Plaintiff,<br><br>vs.<br><br>RTM ALABAMA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. CV-95-S-2808-NE<br>)<br>)<br>)<br>) |
| EZELL WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>RTM ALABAMA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. CV-96-C-2171-NE<br>)<br>)<br>)<br>) |

ENTERED
MAR 2 0 1998

## MEMORANDUM OPINION

These consolidated actions are before the court on plaintiffs' motion to compel answers to interrogatories and responses to requests for production. Upon consideration of the supporting evidentiary materials and objections of defendant, this court concludes the motion is due to be granted in part, but denied in part.

### I. INTERROGATORY NUMBER SEVEN

Plaintiffs' interrogatory number seven requests "the date, involved parties[,] and substance of any verbal communications as to hiring, training, pay setting and/or adjustment, and promotion

113

of the complainants in this cause." RTM provided the following objection and answer:

> RTM objects to this interrogatory on the grounds that it is unintelligible and unanswerable; RTM cannot possibly be expected to remember all communications regarding the plaintiffs on the requested subject areas. Those who supervised the plaintiffs were Adam George, Tracey Butler, Shelley Rader, Kevin Moore, Steve Middlebrooks, Jeff Calvert, and Gwen Jones and they would have some knowledge.

This court finds that objection well taken. RTM adequately identified witnesses who could provide testimony on the requested communications, and the motion to compel is due to be denied.

## II. PLAINTIFFS' REQUESTS FOR PRODUCTION

RTM produced documents in response to plaintiffs' requests for production numbered 2, 4, 5, and 6. Those responses were qualified, because RTM refused to produce "information protected by the attorney/client privilege, work product doctrine[,] and documents prepared in anticipation of litigation." Plaintiffs' seek production of all documents because they are "material to the issues of this cause of action and are, in fact, discoverable." (Plaintiffs' motion to compel ¶ 6.)

The parties' supplemental briefs focus on the "work product doctrine." RTM contends plaintiffs are not entitled to work product without a showing of "substantial need." (RTM's response to motion to compel a 2 (citing Fed.R.Civ.P. 26(b)(3).) "The Plaintiff's position is that there is a balancing test involved." (Plaintiffs' letter brief at 1.)

2

RTM has made a blanket assertion of the work product doctrine without any showing that documents actually exist which are subject to protection. The "substantial need" analysis of Rule 26(b)(3) applies only after a showing that work product protection attaches to particular documents. *See Auto Owners Insurance Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990)(party resisting discovery bears the burden of demonstrating applicability of work product doctrine).

Thus, defendant is directed to produce a "privilege list" to plaintiffs on or before March 25, 1998. That list must clearly identify the individually privileged documents, the privilege claimed, the date of the communication, the source of the information, the identity of the person to whom the communication was made, the nature and general content of the document, and the parties to whom each document was disseminated. It is only after such a list has been provided to plaintiffs and addressed by them that this court will be in a position to determine the possible merit of defendant's objections.

If the parties cannot subsequently resolve this dispute, plaintiffs may file a renewed motion to compel on or before April 7, 1998 regarding any documents on the privilege list. That motion must demonstrate that plaintiffs have

> substantial need of the materials in the preparation of [their] case and that [they are] unable without undue hardship to obtain the substantial equivalent of the materials by other means.

3

*Fed.R.Civ.P.* 26(b)(3). Plaintiffs also are forewarned that this court shall protect against production of documents which would disclose "the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of [defendant]." *Id.*

Future conclusory allegations by either party will not suffice. If plaintiffs file a renewed motion to compel that seeks clearly protected materials, or if defendant presents frivolous objections thereto, this court will impose appropriate sanctions.

Plaintiffs' motion to compel is granted to the extent that they are entitled to receive a privilege list of disputed materials.

### III.  PLAINTIFFS' REQUEST FOR PRODUCTION NUMBER 7

Plaintiffs' request for production number 7 seeks "each and every document furnished to RTM by the 'Lawyers Committee for Civil Rights Under Law' within the last two (2) years." RTM initially objected to the request because it was "vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence." (Response to request for production at 8.) RTM now contends the request seeks

> documents that were stolen from RTM and returned to RTM by the Lawyer's Committee for Civil Rights Under Law. The documents consist of two personnel files, employment applications, two payroll reports, and several appraisals of hourly employees. This Court's order and the parties' stipulation previously limited discovery in the *Long* case to assistant managers and managers in RTM's Huntsville, Alabama operations district for the period January 1, 1994 to 1996. The same limitation ought to apply to the

4

stolen documents and RTM will produce any documents that
fall within those limits.

(Response to motion to compel at 2.) Plaintiff does not respond to that analysis, but simply "requests a ruling on the other documents requested, also." (Plaintiffs' letter brief at 2.) This court rules that the limitations described in defendant's response to the motion to compel are appropriate. Defendant shall produce those documents responsive to request number 7 which pertain to assistant managers and managers in RTM's Huntsville, Alabama operations district for the period January 1, 1994 to 1996.

### IV. INTERROGATORIES AND REQUESTS FOR PRODUCTION IN WILLIAMS

Plaintiff Ezell Williams served interrogatories and requests for production upon RTM on October 28, 1996, before these actions were consolidated. Those interrogatories and requests for production seek information regarding every RTM employee in the State of Alabama.

Those discovery requests were served before this court denied class certification (doc. no. 82), and they clearly were directed towards class discovery. Plaintiffs do not deny that purpose, but simply "request[] a ruling on this discovery request." (Plaintiffs' letter brief at 1.)

This court finds that the discovery requests were directed towards class discovery, and plaintiffs' motion to compel is due to be denied.

5

## V. PRODUCTION OF DEPOSITIONS

Plaintiffs delivered a letter brief to this court on March 12, 1998. Attached to that brief was a copy of a request for production which plaintiffs served on December 30, 1997. That request sought copies of depositions from previous litigation: *Chrisman v. RTM Alabama, Inc.*, CV-93-N-1200-S (N.D. Ala.). RTM objected to that request on January 27, 1998, and refused to produce the requested documents.

Plaintiffs never moved to compel a response to that request. Instead, they raised the issue for the first time in their March 12, 1998 letter brief: "Defendant points out there was no formal Motion to Compel on this one issue prior to the discovery cut-off date; Plaintiff asserts this [letter brief] is a supplement to the Motion to Compel previously filed herein." (Plaintiffs' letter brief at 2.)

This court rejects plaintiffs' argument. They never filed a formal motion to compel which would warrant an order by this court. Moreover, the requested documents clearly are not crucial to plaintiffs' case: they waited at least forty days to raise the issue with this court. Plaintiffs' request for production of documents from prior litigation is due to be denied.

DONE this the _19th_ day of March, 1998.

United States District Judge